UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| WELLINGTON GERARDO CEDENO-REZABALA,<br><br>    Petitioner,<br><br>V.<br><br>J. GILLEY, Warden,<br><br>    Respondent. | Civil Action No. 6: 21-125-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Wellington Gerardo Cedeno-Rezabala is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Cedeno-Rezabala filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Cedeno-Rezabala has neither paid the $5.00 filing fee nor filed a motion to proceed *in forma pauperis*. Even so, the Court will conduct the initial screening of his § 2241 petition pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In July 2019, pursuant to a plea agreement with the United States, Cedeno-Rezabala pled guilty to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). *See United States v. Wellington Gerardo Cedeno-Rezabala*, No. 8:19-cr-00173-MSS-AEP-3 (M.D. Fla. 2019) at R. 76, 88, 90, 92, 97. In November 2019, Cedeno-Rezabala was sentenced to a term

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

of imprisonment of 121 months. *Id*. at R. 166. Cedeno-Rezabala neither appealed his conviction or sentence, nor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Cedeno-Rezabala has now filed a § 2241 petition with this Court. [R. 1] In his § 2241 petition, Cedeno-Rezabala argues that, in light of an unidentified decision issued by the United States Court of Appeals for the Eleventh Circuit on October 1, 2019, he is "actually innocent" of his offense because no United States officer asked the master/individual in charge to make a claim of nationality or registry for the vessel. [R. 1 at p. 4] He requests that this Court vacate his conviction for miscarriage of justice. [R. 1 at p. 8] He seeks to bring his claim in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).

However, the Court must dismiss Cedeno-Rezabala's § 2241 petition for lack of subject-matter jurisdiction because Cedeno-Rezabala cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021). While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *id*. at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his

2

conviction or sentence must file a motion under § 2255 in the court that sentenced him. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Cedeno-Rezabala does not meet these requirements. First, Cedeno-Rezabala has not identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required. Instead, Cedeno-Rezabala relies upon an Eleventh Circuit decision that was issued over a month before he was sentenced in November 2019.[2] In *Hueso v. Barnhart*, 948

---

[2] While Cedeno-Rezabala fails to identify the Eleventh Circuit decision that he claims entitles him to relief, he appears to be referring to *United States v. Guerro*, 789 F. App'x 742 (11th Cir. 2019), an unpublished decision from the Eleventh Circuit issued on October 1, 2019.

3

F.3d 324 (6th Cir. 2020), the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Id*. at 333 (emphasis added).

Nor can Cedeno-Rezabala establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because the Eleventh Circuit decision on which he relies was issued prior to his sentencing. Thus, he had ample time and opportunity to raise his claim prior to sentencing or in a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. That he failed to do so does not render a motion under § 2255 "inadequate or ineffective," thus permitting him to raise his claim in a § 2241 petition filed pursuant to the "savings clause" of § 2255(e). *Copeland*, 36 F. App'x at 795. For these reasons, he may not raise his claim in a § 2241 petition via the savings clause of § 2255(e). *Wright*, 939 F.3d at 706.

Because Cedeno-Rezabala cannot establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Cedeno-Rezabala's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated August 05, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY